UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL GARNICA-MELGOZA,

    Plaintiff,

v.

ADAM FORTNEY, *et al.*,

    Defendants.

CASE NO. **2:22-cv-00392-BHS-JRC**

ORDER DENYING MOTION TO APPOINT COUNSEL

Plaintiff brought this action under 42 U.S.C. § 1983. Dkt. 5. Before the Court is plaintiff's motion to appoint counsel. Dkt. 6. As discussed below, the Court denies this motion without prejudice.

Although indigent defendants in criminal cases are entitled to appointed counsel, there is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory." (citations omitted)). However, in "exceptional circumstances," a district court may

appoint counsel for an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998) (en banc). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (second alteration added) (citation omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Id.*

Here, plaintiff contends that the Court should appoint counsel because another prisoner helped him draft his complaint and that prisoner is "going home soon." *See* Dkt. 6. at 5. Likewise, the prisoner who allegedly helped plaintiff draft his complaint states that plaintiff cannot represent himself *pro se* and needs an interpreter. *See id.* at 6. However, plaintiff filed a letter with his complaint in which he coherently discusses events related to his complaint. *Id.* at 4–5. Furthermore, at this stage, the issues in this case do not appear to be complex. Additionally, as plaintiff acknowledges, he has yet to show a likelihood of success on the merits. *See id.* at 5. Therefore, at this time, plaintiff has not shown exceptional circumstances warranting the appointment of counsel.

Accordingly, the Court **denies without prejudice** the motion to appoint counsel (Dkt. 6). So, plaintiff may renew this request if, in the future, he faces "exceptional circumstances" that warrant the appointment of counsel. The Clerk is directed to **send** plaintiff a copy of this order.

Dated this 1st day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge