UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL GARNICA-MELGOZA,

    Plaintiff,

v.

ADAM FORTNEY, *et al.*,

    Defendants.

CASE NO. 2:22-cv-00392-BHS-JRC

ORDER ON MOTIONS RE COUNSEL

This matter is before the Court on plaintiff's "motion for order allowing assistance from Louis Thibodeaux" and plaintiff's motion for appointment of counsel. *See* Dkts. 19–21. Defendants Fortney and Kendall oppose both motions and move the Court for an order prohibiting Louis Thibodeaux from acting as an attorney for plaintiff in this matter. *See* Dkts. 24, 25, 27, 28.

Plaintiff is a *pro se* prisoner, currently housed at the Washington State Penitentiary, who seeks to have the Court appoint *pro bono* counsel or allow Louis Thibodeaux, a non-attorney prisoner, to assist plaintiff with this action. The Court previously denied plaintiff's motion to

appoint counsel and plaintiff has not demonstrated a change in circumstances to warrant a different outcome. Also, Mr. Thibodeaux is not an attorney, so he may not engage in the practice of law on plaintiff's behalf. Therefore, the Court denies plaintiff's motions.

## BACKGROUND

Plaintiff initiated this action on April 1, 2022, when he filed a complaint alleging that defendants used excessive force when they arrested him on October 31, 2018. *See* Dkt. 5. That same day, plaintiff moved the Court to appoint *pro bono* counsel to represent him, which the Court denied. *See* Dkts. 6, 7. On May 20, 2022, defendants Fortney and Kendall filed a motion to dismiss. *See* Dkt. 16. On May 24, 2022, plaintiff filed the motions currently before this Court. *See* Dkts. 19 (motion for order allowing assistance from Louis Thibodeaux), 21 (motion for court-appointed counsel). Defendants Fortney and Kendall oppose plaintiff's motions. *See* Dkts. 24, 25, 27, 28.

## DISCUSSION

### I.    Motion for Assistance from Mr. Thibodeaux

Plaintiff filed a motion asking the Court to allow Mr. Thibodeaux to assist plaintiff with this action. *See* Dkt. 19. However, although an individual may seek the assistance of non-attorneys, the individual cannot appear or proceed in an action through non-attorneys. *See Storseth v. Spellman,* 654 F.2d 1349, 1355 (9th Cir. 1981) ("[While prisoner] writ writers may assist other prisoners in the preparation . . . and filing of petitions for post-conviction relief[,] . . . no authority authorizes them to engage in the practice of law by filing papers with the court") (internal citations and quotations omitted); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").

1         Mr. Thibodeaux is currently incarcerated with plaintiff and is not an attorney or a party to
2    this action. *See* Dkt. 19 at 2. Despite being a non-attorney, defendants inform the Court that Mr.
3    Thibodeaux intends to depose defendants, and conduct other discovery, on plaintiff's behalf. *See*
4    Dkt. 24 at 2–3. The Court does not grant Mr. Thibodeaux any status in this action and does not
5    authorize him to represent plaintiff in discovery or any other aspect of this case that requires an
6    attorney. Accordingly, the Court denies plaintiff's motion. Dkt. 19. The Court further orders that
7    Mr. Thibodeaux may not act as an attorney on plaintiff's behalf. This includes noting, taking, or
8    attending depositions, and communicating with defendants on plaintiff's behalf regarding this
9    action.

10        **II.     Motion for Appointment of Counsel**

11        The Court next considers plaintiff's motion to appoint counsel. *See* Dkt. 21. This is
12   plaintiff's second request for counsel in this matter. *See* Dkt. 6. As the Court previously informed
13   plaintiff, there is no constitutional right to appointed counsel in a § 1983 civil action. *See*
14   *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *U.S. v. $292,888.04 in U.S. Currency*,
15   54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary,
16   not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel
17   for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)).
18   *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952
19   (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both
20   "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims
21   *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d
22   1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A
23   plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues
24

involved and an inadequate ability to articulate the factual basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, the Court has already determined that plaintiff can adequately articulate himself, that the issues in this case do not appear to be complex, and that plaintiff has not shown a likelihood of success on the merits. *See* Dkt. 9 at 2. Plaintiff's motion does not allege that any circumstances have changed since the Court's last order denying appointment of counsel. *See* Dkts. 9, 21. Therefore, plaintiff's motion for appointment of counsel is denied. However, the Court denies the motion without prejudice, meaning plaintiff can file again upon a proper showing of exceptional circumstances.

## CONCLUSION

The Court denies plaintiff's motion for an order allowing assistance from Louis Thibodeaux and plaintiff's motion for appointment of counsel. Dkts. 19, 21. The Court further orders that Mr. Thibodeaux may not act as an attorney on plaintiff's behalf. This includes noting, taking, or attending depositions, and communicating with defendants on plaintiff's behalf.

Dated this 15th day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge