UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL GARNICA-MELGOZA,

Plaintiff,

v.

ADAM FORTNEY, *et al.*,

Defendants.

CASE NO. 2:22-cv-00392-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: AUGUST 5, 2022

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to Chief Magistrate Judge J. Richard Creatura. Before the Court are two motions: a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed by defendants (Dkt. 16), and a motion for voluntary dismissal pursuant to Rule 41 filed by plaintiff (Dkt. 35).

In his complaint, plaintiff alleges defendants unconstitutionally used excessive force in effecting his arrest on October 31, 2018. Dkt. 5. After answering the complaint, defendants filed their motion to dismiss arguing plaintiff failed to state a claim. Plaintiff responded to the motion to dismiss, but also filed a motion requesting that his case be voluntarily dismissed without

prejudice. Upon consideration, because the Court finds defendants will not suffer legal prejudice if plaintiff's motion for voluntary dismissal is granted, the Court recommends that plaintiff's motion be granted without prejudice.

**BACKGROUND**

On April 1, 2022, this Court granted plaintiff's application to proceed *in forma pauperis* (Dkt. 4) and directed service of plaintiff's complaint on the defendants named therein (Dkt. 7). Defendants Adam Fortney and Grant Kendall filed an answer on May 5, 2022. Dkt. 13. These defendants then filed a motion to dismiss on May 20, 2022, with defendant Evan Twedt joining the motion in a subsequent response to an order to show cause. Dkts. 16, 32. To date, defendant "John and Jane Does 1-2" has not been identified by plaintiff, nor have they been served and answered the complaint. Plaintiff filed a motion for voluntary dismissal on June 22, 2022. Dkt. 35.

**DISCUSSION**

In addressing these pending motions to dismiss, the Court notes that defendants oppose plaintiff's motion for voluntary dismissal but on the basis that it should be dismissed with prejudice. For that reason, the Court will discuss plaintiff's motion for voluntary dismissal as a threshold matter, followed by defendants' request to consider the dismissal a strike under 28 U.S.C. § 1915.

**I. Voluntary Dismissal**

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action

"based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). But, once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1), (2).

Here, plaintiff requested dismissal without prejudice *after* defendants filed an answer (Dkt. 13) and motion to dismiss (Dkt. 16). In their response to the motion, defendants request that the Court rule on their motion and dismiss the case with prejudice or, in the alternative, dismiss the case without prejudice and rule that the dismissal count as a strike under 28 U.S.C. § 1915(g). Dkt. 37. Thus, plaintiff's motion for voluntary dismissal may only be granted "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

When confronted with this issue, courts "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). The Ninth Circuit defined "legal prejudice" as "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

Expounding upon the "legal prejudice" approach, district courts in the Ninth Circuit have considered four factors when deciding whether to grant voluntary dismissal under Rule 41(a)(2): (1) the defendant's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Lawrence v. Murphy*, No. C15-1132, 2016 WL 1697070, at *3 (W.D. Wash. Apr. 1, 2016); *United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999); *Navajo Nation v. Peabody Coal Co.*, No. CIV-93-2342, 2009 WL 806636, at *4 (D. Ariz. Mar. 26, 2009).

However, these factors are "not exclusive; rather they are guides for the district court." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.1996); *see also Gonzalez ex rel. A.R.Z. v. Tyrell*, No. Co5-847, 2006 WL 1706167, at *2 (W.D. Wash. June 16, 2006). And "these factors 'need not all be resolved in favor of the moving party for dismissal to be appropriate; likewise, they need not all be resolved in favor of the party opposing the motion to dismiss.'" *Gonzalez ex rel.*, 2006 WL 1706167, at *2 (*citing Phillips USA, Inc.*, 77 F.3d at 358); *see also Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir.1980) (noting there is no mandate that each and every factor must be resolved in favor of the moving party before dismissal is appropriate); *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x. 498, 502 (6th Cir. 2007) (finding no requirement that each of the factors be resolved in favor of the moving party before dismissal is appropriate).

While defendants do not address the first factor, the Court recognizes that the case has been pending for a relatively short period of time, the period for discovery remains open, and defendants have not presented evidence that they have incurred more than minimal expenses. *See* Dkts. 14, 25. Further, defendants do not argue plaintiff has exhibited a lack of diligence in pursuing this action. *See* Dkt. 37. Thus, the first two factors weigh in plaintiff's favor.

The third factor – whether plaintiff's explanation for dismissal is insufficient – also favors plaintiff. Plaintiff offers several reasons for dismissing his suit: (1) inadequate access to the resources needed to research the applicable substantive law; (2) lack of understanding of federal law due to a language barrier; (3) loss of access to the individual at the institution who was assisting plaintiff with his case; (4) no court-appointed attorney; and (5) stress from filing this case has caused plaintiff to suffer psychological problems. Dkt. 35, at 1. While these reasons

separately may not be determinative, taken together the Court finds plaintiff's explanation sufficient.

Plaintiff's explanation also must be weighed against the extent to which defendants will suffer legal prejudice if voluntary dismissal is granted. In other words, the greater the prejudice defendants face from dismissal, the more demanding the Court will be in evaluating plaintiff's explanation for requesting dismissal. *Cf. In re Vitamins Antitrust Litigation*, 198 F.R.D. 296, 305 (D.D.C. 2000) ("The fact that plaintiffs do not present a compelling reason for dismissal would not concern the Court if such a dismissal caused no prejudice to defendants."). Because defendants fail to show how dismissal would cause them legal prejudice, the Court declines to hold plaintiff's reasons for dismissal to a standard higher than that required in the "legal prejudice" approach.

As to the fourth factor - the fact that a motion for summary judgment has been filed by the defendant – the Court recognizes that this is not at issue here since there is no such pending motion before the Court. *See generally* Dkt. However, defendants do contend that plaintiff's motion for voluntary dismissal is an attempt to "avoid another adverse ruling on the merits and near certain dismissal" on defendants' motion to dismiss under Rule 12(b)(6). Dkt. 37, at 5. They assert that plaintiff has already had an adverse ruling against him in state court on the same facts in *Garnica-Mendoza v. Snohomish County, et al.*, Case No. 20-2-18474-8. *See* Dkt. 18-4. Citing *Maxum Indemnity Insurance Co. v. A-1 All American Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008), defendants argue plaintiff's claims should be dismissed under Rule 41 with, rather than without, prejudice. *See also Breuer v. Weyerhaeuser NR Co.*, No. C20-0479JLR, 2020 WL 4260948, at * 4 (W.D. Wash. July 24, 2020) (declining to deny motion for voluntary dismissal because plaintiff was not in fact seeking to avoid a near-certain adverse ruling on the merits).

In *Maxum*, the Ninth Circuit noted that "[a] district court *may* consider whether the plaintiff is requesting a voluntary dismissal *only* to avoid a near-certain adverse ruling." *Maxum*, 299 F. App'x at 666 (citing *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988)) (emphasis added). Here, the Court finds any weight given to the fact that plaintiff has an adverse ruling against him in state court on similar facts is lessened by plaintiff's stated reasons for dismissal. These stated reasons demonstrate that plaintiff seeks dismissal not *only* to avoid a near-certain adverse ruling. Therefore, the Court finds the factors, considered collectively, do not indicate defendants will suffer legal prejudice. As such, the Court recommends that plaintiff's motion for voluntary dismissal be granted and the case be dismissed without prejudice. The Court recommends that the pending motion to dismiss filed by defendants (Dkt. 16) be denied as moot.

**II. Request to Find Dismissal as a Strike**

With their response to plaintiff's motion for voluntary dismissal, defendants have included a request that, should the Court grant plaintiff's motion to dismiss without prejudice, the dismissal count as a strike under 28 U.S.C. § 1915(g). Dkt. 37 at 5–6. In support, defendants argue plaintiff is using the motion for voluntary dismissal to avoid an adverse ruling on the merits. *Id*. at 5. However, defendants have cited no authority to show the Court may consider a voluntary dismissal a strike. Indeed, the authority the Court was able to identify indicates voluntary dismissal, by its nature, is presumptively not a strike pursuant to § 1915. *See Daniels v. Woodford*, 2008 WL 2079010, at *5 (C.D. Cal. May 13, 2008) ("[A] voluntary dismissal does not constitute a dismissal on the grounds that an action or appeal is 'frivolous, malicious, or fails to state a claim upon which relief may be granted,' pursuant to the definitions given in *Andrews v. King*. 398 F.3d [1113,] 1121 [(9th Cir. 2005)]").

The only voluntary dismissals the Court could identify that constituted strikes were voluntary dismissals entered *after* a court had already dismissed the action for failure to state a claim. *See*, *e.g.*, *Williams v. Navarro*, 2018 WL 4489683, at *3 (S.D. Cal. Sept. 19, 2018) (counting a voluntary dismissal as a strike when the case was voluntarily dismissed after the Court had dismissed the case for failure to state a claim with leave to amend); *Chambers v. Laske*, 2018 WL 3219649, at *7 (C.D. Cal. May 11, 2018) (finding the same); *but see Jones v. Eller*, 2018 WL 1801254, at *3 (C.D. Cal. Jan. 22, 2018) (noting two stipulated voluntary dismissals with prejudice did not constitute strikes pursuant to § 1915).

Further, while the Court notes plaintiff has one strike pursuant to a dismissal in *Garnica-Melgoza v. Burke, et al.*, No. 2:21-cv-01544-RAJ-TLF (W.D. Wash. Mar. 7, 2022), the Court does not find that, here, plaintiff was acting with the intent to harass defendants or that the claims in his complaint are so without merit so as to warrant a finding that his claims were frivolous or malicious. The Court recommends defendants' request to find plaintiff's action constitutes a strike under 28 U.S.C. § 1915(g) be denied.

**CONCLUSION**

For the reasons set forth above, the Court recommends plaintiff's motion for voluntary dismissal be granted and this case be dismissed without prejudice. Further, the Court recommends any pending motions, including defendants' motion to dismiss, be denied as moot. The Court recommends defendants' request that this case constitute a strike under 28 U.S.C. § 1915(g) be denied. Lastly, because of the recommendation granting plaintiff's motion for voluntary dismissal which will close the case, the Court recommends dismissing without prejudice *sua sponte* the unserved defendant "John and Jane Does 1-2." *See* Fed. R. Civ. P. 4(m) ("if a defendant is not served within 90 days after the complaint is filed, the court—on motion or

on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . .").

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 5, 2022, as noted in the caption.

Dated this 19th day of July, 2022.

J. Richard Creatura
Chief United States Magistrate Judge